**FILED**
APR 30 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL LEE,              )
                          )
          Plaintiff,      )
                          )
     v.                   )   Civil Action No. 12-0216
                          )
ERIC HOLDER,              )
U.S. Attorney General, *et al.*, )
                          )
          Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

It appears that the plaintiff is serving a term of imprisonment imposed by the United States District for the Southern District of Florida upon his conviction of various drug and firearms offenses. *See* Compl. at 4. He claims that the statutes under which he was prosecuted and sentenced "were unconstitutionally enacted," *id.* at 3, and therefore, he asks this Court to "[s]uspend the execution of [his] underlying criminal sentence," *id.* at 24.

A challenge of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under Section 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

>   attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). And because plaintiff's claim goes to the fact of his incarceration, he cannot recover damages in this civil rights action without showing that his confinement already has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).

The court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: April 14, 2012